```
               UNITED STATES DISTRICT COURT
                        FOR THE
                   DISTRICT OF VERMONT
```

Martin Demetrio Morales,        :
                                :
        Plaintiff,               :
                                :
     v.                          :       Case Nos. 1:13-cv-141
                                :                  1:13-cv-142
Andrew Pallito,                  :
                                :
        Defendant.               :

<u>OPINION AND ORDER</u>

Plaintiff Martin Demetrio Morales, a Vermont prisoner proceeding *pro se*, seeks to bring two identical actions against Vermont Department of Corrections ("DOC") Commissioner Andrew Pallito, each challenging the constitutionality of raising an American flag over Vermont's prisons. Now before the Court are Morales's motions to proceed *in forma pauperis*. Because Morales has made the showing of poverty required under 28 U.S.C. § 1915, his motions are GRANTED.

In both cases, Morales contends that raising an American flag on DOC property constitutes "an establishment of religion" and "coerces prisoners into worship[]ing [the United States] government as one would revere a deity." Morales also asserts that the American flag "is a symbol of oppression, imperialism, racism; among other things," and further symbolizes the pledge of allegiance, "in which the words 'under God' blatantly violates the separation of church and state." Because the claims in these

two actions are identical, the Court first considers consolidation.

Rule 42(a) of the Federal Rules of Civil Procedure provides: "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). "The trial court has broad discretion to determine whether consolidation is appropriate." Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990). Moreover, a "district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*." Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999); see also Endress v. Gentiva Health Servs., Inc., 278 F.R.D. 78, 81 (E.D.N.Y. 2011). "In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy." Devlin, 175 F.3d at 130.

Here, Morales is bringing the same claim against the same Defendant in both cases. Commissioner Pallito has not yet been served and, consequently, there has been no responsive pleading and no discovery. The Court thus finds that the interests of justice will be best served by consolidation, as carrying these two actions forward as one enhances judicial economy, with no prejudice to any party. The cases are therefore CONSOLIDATED, and Case No. 1:13-cv-141 shall become the lead case.

Next, the Prison Litigation Reform Act, 28 U.S.C. § 1915A, requires the Court to conduct an initial screening of a prisoner's *in forma pauperis* action, and to dismiss the case if it "(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).  In conducting this initial review, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" set forth in the Complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010).  Also, *pro se* complaints are held to less stringent standards than those drafted by attorneys, and the Court is required to read the Complaint liberally, interpreting it as raising the strongest arguments it suggests.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

Even under these liberal standards, Morales fails to state a claim on which relief may be granted.  His fundamental assertion is that flying an American flag over Vermont prisons violates inmates' First Amendment rights by coercing them to "worship" the flag "as one would revere a deity."  There is no claim, however, that Morales has been required to salute, take a pledge, or otherwise acknowledge the flag, as his only objection is to its "raising."  Furthermore, the flag itself is a secular symbol of

3

our nation, and does not promote any form of religion.  <u>See</u>, <u>e.g.</u>, <u>Adland v. Russ</u>, 307 F.3d 471, 486-87 (6th Cir. 2002) (referring to the American flag as "a revered secular symbol"); <u>Am. Civil Liberties Union v. City of St. Charles</u>, 794 F.2d 265, 271 (7th Cir. 1986) (noting that the five-pointed star is "used in the American flag, and in many other secular settings"). Indeed, the Supreme Court has acknowledged that the flag represents "proud traditions 'of freedom, or equal opportunity, [and] of religious tolerance . . . .'" <u>Elk Grove Unified Sch. Dist. v. Newdow</u>, 542 U.S. 1, 6, (2004) (quoting <u>Texas v. Johnson</u>, 491 U.S. 397, 405 (1989)).

When considering an Establishment Clause claim, as Morales presents here, "neutrality is the 'touchstone' of First Amendment analysis." <u>Skoros v. City of New York</u>, 437 F.3d 1, 16 (2d Cir. 2006) (quoting <u>McCreary Cnty. v. Am. Civil Liberties Union</u>, 545 U.S. 844, 860 (2005)).  The Supreme Court has articulated the three-part <u>Lemon</u> test for evaluating challenges under the Establishment Clause when a government action interacts with religion: the action "(1) 'must have a secular . . . purpose,' (2) must have a 'principal or primary effect . . . that neither advances nor inhibits religion,' and (3) 'must not foster an excessive government entanglement with religion.'" <u>Bronx Household of Faith v. Bd. of Educ. of City of New York</u>, 650 F.3d 30, 40 (2d Cir. 2011) (quoting <u>Lemon v. Kurtzman</u>, 403 U.S. 602,

612-13 (1971)); Skoros, 437 F.3d at 17.  The claim in this case fails each part of the test, as the American flag is a secular symbol, does not advance religion, and thus does not represent any government involvement in religion.

Morales also brings an indirect challenge to the pledge of allegiance, claiming that the flag is a symbol of the pledge, and that the pledge itself is unlawful because it includes the words "under God."  Although the words of the pledge speak about the flag and its significance, the flag itself does not serve as a "symbol" of pledge.  (Doc. 1-3 at 5.)  In fact, it is the pledge that declares loyalty to the flag "and the Republic that [the flag] represents."  Newdow, 542 U.S. at 31 (Rehnquist, C.J., dissenting).

The Court therefore finds that Morales's First Amendment claim with respect to the "raising of US flags on the property of the VT DOC" must be DISMISSED for failure to state a claim on which relief may be granted.  Id. at 4.  The Second Circuit has held that, in general, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted).  However, a court may deny an opportunity to amend "when amendment would be futile."  Fulton v. Goord, 591 F.3d 37,

45 (2d Cir. 2009) (internal quotation marks and citation omitted).  Here, Morales is pursuing a cause of action that has no merit, and that better pleading will not cure.  See Cuoco, 222 F.3d at 112.  The Court thus declines to grant leave to amend.

For the reasons set forth above, Morales's motions to proceed *in forma pauperis* are GRANTED, the two above-captioned actions are CONSOLIDATED, and this case is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated at Brattleboro, in the District of Vermont, this 19th day of June, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge